J-S14017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NANCY JEANNE EASTMAN, | |
| Appellant | No. 893 MDA 2016 |

Appeal from the Judgment of Sentence January 20, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006625-2014

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 13, 2017**

Appellant, Nancy Jeanne Eastman, appeals from the judgment of sentence entered on January 20, 2016, following her conviction of driving under the influence ("DUI") pursuant to 75 Pa.C.S. § 3802(d)(3)[1].  We affirm.

Appellant was charged with three counts of DUI, 75 Pa.C.S. § 3802(d)(1), (2), and (3), all as first offenses, and possession of a small amount of marijuana, 35 P.S. § 780-113 (a)(31), stemming from an incident

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  "The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle."  75 Pa.C.S. § 3802(d)(3).

on August 22, 2014.  She was tried at a bench trial on January 20, 2016, where the Commonwealth described the evidence as follows:

> On August 22nd of 2014, [Appellant] was driving down North Front Street. The State Police at that time had a checkpoint set up.  They did observe [Appellant] make a U-turn on Front Street blocking traffic, and her four-way flashers were on at the time so they initiated a traffic stop.
>
> They smelled marijuana. They noticed her eyes were bloodshot and glassy.  They had her do a number of field sobriety tests that indicated she was impaired, so they took her for a blood draw, and the blood draw came back that there was marijuana as well as amphetamines over the legal limit in her blood.  She also did have alcohol in her blood, however, that was not over the legal limit.  So she is just charged with the THC,[2] the amphetamines, and the combination thereof.

N.T., 1/20/16, at 2.

As noted, Appellant was found guilty on January 20, 2016, of DUI pursuant to 75 Pa.C.S. § 3802(d)(3) and not guilty of all other counts.  The trial court sentenced her to seventy-two hours to six months of incarceration, gave her credit for time served from August 22, 2014, until August 28, 2014, and granted her immediate parole.

Appellant filed a post-sentence motion on February 1, 2016,[3] alleging that the verdict was against the weight of the evidence.  The trial court

---

[2]  Delta-9 Carboxy THC "is the marijuana."  N.T., 1/20/16, at 51.

[3]  The tenth day following sentencing fell on Saturday, January 30, 2016. Thus, Appellant's post sentence motion filed on Monday, February 1, 2016, was timely.  Pa.R.Crim.P. 720 (A)(1); **Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2012)(whenever the last day of any time period falls on a
*(Footnote Continued Next Page)*

- 2 -

denied the motion on April 26, 2016. Appellant filed a timely notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue for our review:

I. Whether the trial court erred in denying Appellant's Post-Sentence Motion where the verdict was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth never showed that the Appellant was incapable of driving her vehicle safely?

Appellant's Brief at 6 (underline omitted).

"The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015). In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319–[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them

*(Footnote Continued)* ─────────────

Saturday or Sunday, that day is omitted from the computation. 1 Pa.C.S. § 1908).

or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown*, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321–[3]22, 744 A.2d at 753 (emphasis added).

*Clay*, 64 A.3d at 1054–1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Diggs***, 949 A.2d 873, 879–880 (Pa. 2008).

Appellant relies on the testimony of Pennsylvania State Trooper Gregory Strayer, that Appellant was able to present her driver's license and insurance information, was cooperative and not combative, did not stutter, slur her speech, or fall over. Appellant's Brief at 12–13. Therefore,

- 4 -

Appellant maintains that the weight of the evidence failed to prove that Appellant was not capable of safe driving.

Appellant ignores that the video from Trooper Strayer's dash camera was played at trial and admitted into evidence without objection. *See* N.T., 1/20/16, at 12. Trooper Strayer, a ten-year veteran with special training in DUI enforcement testified that Appellant displayed multiple signs of impairment during the field-sobriety testing. *Id*. at 5, 18–25. Appellant's eyes were bloodshot and glassy, and she was confused. *Id*. at 14. The officer administered the Horizontal Gaze Nystagmus test and concluded that Appellant showed six out of six indicators of impairment for both eyes. *Id*. at 18–19. He also administered the walk-and-turn test, and stated that "out of the eight impairment clues that we are trained to look for, she had six of those impairment clues." *Id*. at 23–24. The third test Trooper Strayer administered was the one-leg stand, and Appellant displayed "three out of three indicators" of impairment. *Id*. at 24.

In the case at bar, the trial court, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth, as was its right. In response to Appellant's claim assailing the weight of the evidence, the trial court stated:

> Specifically, the Commonwealth demonstrated that [Appellant] was seen making a U-turn in the area of a DUI checkpoint and subsequently remained stopped at a four-way stop sign. [Appellant] admitted to police that she had been drinking alcohol and smoking marijuana prior to the stop, and showed several signs of impairment during the field sobriety tests. Police

- 5 -

observed [Appellant] to be confused, and her speech slow and lethargic. Further, [Appellant] consented to a blood test which showed she was above the legal limit for amphetamines and Delta-9 THC.

Order, 4/26/16, at 1–2.[4]

Based upon our review of the record, we agree with the trial court, which, as the fact-finder, was free to believe all, part, or none of the evidence against Appellant. **Gonzalez**, 109 A.3d at 723. The court weighed the testimonial evidence and the evidence from the surveillance video and found that it supported the verdict. This determination is not so contrary to the evidence as to shock one's sense of justice. Moreover, this Court will not assume the role of fact-finder and reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017

---

[4] The trial court incorporated its April 26, 2016 order denying Appellant's post-sentence motion challenging the weight of the evidence into its Pa.R.A.P. 1925(a) opinion.